**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALMA MILBY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 06-4556** |
| | : | |
| **GREATER PHILADELPHIA HEALTH** | : | |
| **ACTION, <u>et al.</u>** | : | |

<u>MEMORANDUM AND ORDER</u>

**Kauffman, J.** **June 3, 2008**

Plaintiff Alma Milby ("Plaintiff" or "Milby") brings this action against Defendants

Greater Philadelphia Health Action ("GPHA"), the Honorable Cynthia Williams Fordham, and

Dr. Linda Powell (collectively, "Defendants"), alleging that she was denied a permanent position

with GPHA, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 <u>et seq.</u>

("ADEA") and the Pennsylvania Human Relations Act, 43 P.S. §§ 951 <u>et seq.</u> ("PHRA"). Now

before the Court is Defendants' Motion for Summary Judgment. For the reasons that follow, the

Motion will be granted.

**I.      BACKGROUND**

The following facts are undisputed. At all times relevant to this action, Plaintiff was

employed by Stivers, Inc. ("Stivers"), a temporary staffing agency. On or about June 21, 2005,

Stivers placed Plaintiff with GPHA in the position of Board Assistant on a temporary basis. <u>See</u>

Deposition of Cynthia Williams Fordham ("Fordham Dep.") at 29-30; Deposition of Alma Milby

("Milby Dep.") at 23-26.

In late June 2005, the Human Resources Department of GPHA sought to hire a Board

Assistant who would serve on a permanent basis. GPHA advertised the position as requiring an

1

"Associate Degree in secretarial science or equivalent experience," as well as other

qualifications.  See Ex. 2 to Milby Dep. at 1.  Defendants Fordham and Powell, both members of

GPHA's Board of Directors, were in charge of conducting interviews and were asked to make a

hiring recommendation to the Human Resources Department.  Plaintiff applied for the position

and was interviewed on July 21, 2005.  Although Plaintiff was never asked to disclose her age,

she volunteered it during the course of the interview.  Milby Dep. at 99; Fordham Dep. at 59.

Between July and November 2005, Fordham and Powell interviewed four candidates, and

recommended Yvonne Mapp for the position.  Mapp accepted the position and began work on

November 9, 2005.  Plaintiff contends that Defendants' decision to deny her the position in favor

of a younger candidate constitutes age discrimination in violation of the ADEA and PHRA.

## II.   LEGAL STANDARD

In deciding a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the test is

"whether there is a genuine issue of material fact and, if not, whether the moving party is entitled

to judgment as a matter of law."  Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir.

1999) (quoting Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)).  "[S]ummary

judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must examine the evidence in the light most

favorable to the non-moving party and resolve all reasonable inferences in that party's favor.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  However, "there

can be 'no genuine issue as to any material fact' . . . [where the non-moving party's] complete

failure of proof concerning an essential element of [its] case necessarily renders all other facts

immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).

## III.   DISCUSSION

### A.   Discrimination Claims

The ADEA prohibits age discrimination in employment decisions against persons who

are at least 40 years of age.  <u>See</u> 29 U.S.C. § 623(a)(1).  Similarly, the PHRA prohibits an

employer from refusing to hire, discharging, or otherwise discriminating against an employee on

the basis of age or non-job related handicap or disability.  <u>See</u> 43 P.S. § 955(a).  Claims brought

under the ADEA and the PHRA are governed by the same legal standard, and therefore the

Court's conclusions will apply equally to both claims.  <u>See</u> <u>Hill v. Borough of Kutztown</u>, 455

F.3d 225, 247 (3d Cir. 2006); <u>Kautz v. Met-Pro Corp.</u>, 412 F.3d 463, 466 (3d Cir. 2005).

In reviewing Plaintiff's discrimination claims, the Court must apply the <u>McDonnell</u>

<u>Douglas</u> burden-shifting analysis.  <u>See</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802

(1973); <u>see also</u> <u>Reeves v. Sanderson Plumbing Prods. Inc.</u>, 530 U.S. 133, 142 (2000).  Plaintiff

must first make out a *prima facie* case of discrimination.  <u>See</u> <u>Bartholomew v. St. Luke's Hosp.,</u>

<u>Allentown Campus</u>, 2003 WL 21250561, at *3 (E.D. Pa. Apr. 29, 2003) (citations omitted).  If

Plaintiff is successful, the burden shifts to the employer to present a legitimate, non-

discriminatory reason for the employment action at issue.  <u>See</u> <u>Fuentes v. Perskie</u>, 32 F.3d 759,

763 (3d Cir. 1994).  If the employer meets this "relatively light" burden, the burden rebounds to

Plaintiff, who must then present evidence that the proffered reason is pretextual.  <u>Id.</u>  A plaintiff

may establish pretext directly, by persuading the court that a discriminatory reason more likely

motivated the employer, or indirectly, by showing that the employer's proffered reason is

unworthy of credence.  <u>See</u> <u>Dunleavy v. Mount Olive Tp.</u>, 183 Fed. Appx. 157, 158 (3d Cir.

3

2006); Maxwell v. Springer, 2008 WL 1732939 (3d Cir. Apr. 15, 2008).

In order to defeat a motion for summary judgment, a plaintiff can show pretext by pointing to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.  Iadimarco v. Runyon, 190 F.3d 151, 166 (3d Cir. 1999); Leyva v. Computer Sciences Corp., 169 Fed. Appx. 720, 724 (3d Cir. 2006).  "Plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent.  Rather, the non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence' and hence infer that the employer did not act for [the asserted] non-discriminatory reasons."  Fuentes, 32 F.3d at 763 (citations omitted); see also Nelson v. Borgata Hotel Casino & Spa, 2007 WL 2121643, at *4 (D.N.J. July 23, 2007).

## 1.      Prima Facie Case

To establish a *prima facie* case for a failure to hire based on age, Plaintiff must show that: (1) she was a member of a protected class, i.e., was forty years of age or older; (2) she was discharged or not hired; (3) she was qualified for the job at issue; and (4) the employer filled the position with a person who was sufficiently younger to create an inference of age discrimination. See Bartholomew, 2003 WL 21250561, at *3; Fowle v. C & C Cola, a Div. of ITT- Cont'l

Baking Co., 868 F.2d 59, 62 (3d Cir. 1989).

Defendants do not dispute that Plaintiff has satisfied the first two prongs of the aforementioned test, namely, that she was 57 years old at the time she applied for the position, and that she was not hired.  Nor do they dispute that the position was filled by a younger person. Defendants contend, however, that Plaintiff has failed to make out a *prima facie* case of age discrimination because she cannot establish that she was qualified for the position of Board Assistant.  Defendants point to the language of the advertised job description, which required an "Associate Degree in secretarial science or equivalent experience," and argue that because Plaintiff did not have an associate degree, she was not qualified for the position.

Plaintiff alleges that she was qualified for the position because the advertisement called for either an associate degree *or* "equivalent experience."  While conceding that she did not have a degree, Plaintiff contends that she possessed an extensive history of administrative work constituting "equivalent experience."  Although the term "equivalent experience" is susceptible to differing interpretations, the Court will assume for purposes of this Motion that Plaintiff has established a *prima facie* case.  Plaintiff was already working at GPHA, albeit on a temporary basis, at the time she was selected to be interviewed, and Defendants had the opportunity to observe her performance.  Moreover, Defendant Fordham's deposition testimony confirmed that Defendants were in possession of Plaintiff's resume, which documented her employment history, well before they invited her to interview for the permanent position.  See Fordham Dep. at 22. Defendants' contention that Plaintiff lacked the minimal qualifications required for the position is therefore negated by the evidence in the record, which reveals that Defendants were aware of Plaintiff's qualifications at the time they invited her to interview.

5

2.      **Burden-Shifting Analysis**

Having established a *prima facie* case, the burden of production shifts to Defendants to

articulate a legitimate, non-discriminatory reason for their hiring decision.  Defendants Powell

and Fordham assert that they decided to recommend Mapp for the position because she was more

qualified than Plaintiff and performed better during the interview.  Specifically, Defendants

testified that Mapp possessed an associate degree and had a history of permanent employment,

while Plaintiff did not hold a degree and had a lengthy history of temporary positions:

| | |
|---|---|
| Counsel: | Why wasn't Alma Milby hired for the Board Assistant position? |
| Fordham: | Because she was not the best qualified candidate. |
| Counsel: | Can you explain why she wasn't? |
| Fordham: | When we looked at [Mapp] and we looked at Ms. Milby – in terms of experience [Mapp] had three permanent jobs where she had experience as an administrative assistant and dealt with board[s] of directors before, had prepared minutes, had information regarding dealing with databases and a number of other computer applications.  She had worked for a nonprofit for a number of years and she had a degree related to the job. |
| | [...] |
| Counsel: | What credentials did Yvonne Mapp have that qualified her for the board assistant position that Alma Milby did not have? |
| Fordham: | One was the associate's degree, the other is that she worked in permanent positions as [an] administrative assistant, [and] had worked with boards before ... |
| | [...] |
| Counsel: | Why were people that worked for – worked in permanent positions favorable in your hiring decision in 2005? |
| Fordham: | I think we were looking for somebody who would stay in the position.  We weren't looking to hire someone every six months or whatever.  We wanted someone who would grow in the position ... If a person has been in a permanent position for a period of time and is able to deal with certain things that showed something about that person. |

Fordham Dep. at 37, 42-45.

6

Plaintiff contends that Fordham's statement that she preferred a candidate who would "grow in the position" constitutes evidence of age discrimination because it reflects an aversion to older candidates.  See Supplemental Memorandum in Opposition, at 16.  The Court disagrees. Fordham and Powell testified that they preferred a candidate who had a history of permanent employment because they believed that such a candidate would offer a greater degree of stability and reliability.  See Fordham Dep. at 37, 42-45; Deposition of Cynthia Powell ("Powell Dep.") at 43 ("Ms. Milby had a job history that was – that showed transience, and we were looking for someone who would stay for a permanent position.  And her job history had shown that she had a lot of movement and no long-term employment.").

In addition, Fordham and Powell testified that Mapp's performance during the interview was superior to Plaintiff's.  While Mapp provided satisfactory answers to the questions posed to her, Plaintiff's answers to some of the questions concerned them.  Both Fordham and Powell testified that they did not ask Plaintiff for her age, nor did age factor into their decision-making process.  See Fordham Dep. at 58-59; Powell Dep. at 64.

The reasons provided by Defendants for their decision not to extend Plaintiff an offer of employment in favor of another candidate constitute a legitimate, non-discriminatory rationale. Having offered a lawful explanation for their actions, the burden of production shifts to Plaintiff to demonstrate that the proffered reasons were pretextual and unworthy of credence.   Plaintiff may do so by adducing evidence from which a reasonable fact finder could either disbelieve Defendants' articulated reasoning, or believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the action.  See Maxwell, 2008 WL 1732939, at *2-3; Silver v. Am.  Inst. of Certified Pub. Accountants, 212 Fed. Appx. 82, 85 (3d

7

Cir. 2006).  Plaintiff has not met this burden.

Plaintiff does not dispute that Yvonne Mapp possessed an associate degree while she did

not, nor does she dispute that Mapp had a history of permanent employment while her history

consisted of briefly-held, temporary employment.  Compare Ex. Milby-6, with Ex. Milby-10; see

also Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 103 (2d Cir. 2001) ("When a

plaintiff seeks to prevent summary judgment on the strength of a discrepancy in qualifications

ignored by an employer ... the plaintiff's credentials would have to be so superior to the

credentials of the person selected for the job that no reasonable person, in the exercise of

impartial judgment, could have chosen the candidate selected over the plaintiff for the job in

question." (citations omitted)); Fischbach v. Dist. of Columbia Dep't of Corr., 86 F.3d 1180,

1183 (D.C. Cir. 1996).

While Plaintiff may quarrel with Defendants' assessment of the candidates' respective

qualifications, "barring discrimination, a company has the right to make business judgments on

employee status."  Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 527 (3d Cir.

1992); see also Hedrick v. Western Reserve Care System, 355 F.3d 444, 462 (6th Cir. 2004)

("[I]t is inappropriate for the judiciary to substitute its judgment for that of management.");

Krenik v. County of Le Sueur, 47 F.3d 953, 960 (8th Cir. 1995) ("Federal courts do not sit as a

super-personnel department that reexamines an entity's business decisions.  Rather, our inquiry is

limited to whether the employer gave an honest explanation of its behavior." (citations omitted));

Brodsky v. Hercules, Inc., 966 F. Supp. 1337, 1345 (D. Del. 1997).  An employer may

legitimately favor a candidate who holds a degree over one who does not, even if such a degree

was not a prerequisite for employment.  Indeed, so long as the decision was not motivated by

discriminatory animus, an employer is free to hire the candidate of his or her choice.  Plaintiff

has not demonstrated any "weaknesses, implausibilities, inconsistencies, incoherences, or

contradictions in the employer's proffered legitimate reasons" for not hiring her.  Fuentes, 32 F.

3d at 763; Dorsey v. Pittsburgh Ass'n, 90 Fed. Appx. 636, 639 (3d Cir. 2004).  In the absence of

evidence that Defendants' employment decision was motivated by age discrimination, Plaintiff's

claims under the ADEA and PHRA must fail.[1]

## B.      Intentional Infliction of Emotional Distress

Plaintiff alleges that "[a]s a direct and proximate result of [D]efendants' discrimination,

[she] has been deprived of economic and non-economic benefits including, but not limited to,

lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful

embarrassment among family, friends and co-workers, disruption of her personal life and loss of

enjoyment of the ordinary pleasures of life."  Compl. ¶ 26.  "The tort of intentional infliction of

emotional distress requires a showing that Defendants acted in a manner so outrageous in

character and so extreme in degree as to go beyond all possible bounds of decency and to be

regarded as atrocious and utterly intolerable in a civilized society."  McGreevy v. Stroup, 413

F.3d 359, 371 (3d Cir. 2005).  The conduct of which Plaintiff complains does not rise to the level

of egregiousness required for a finding of intentional infliction of emotional distress.  See

---

[1]      Because the Court concludes that Plaintiff has failed to adduce competent evidence that GPHA discriminated against her, her claims against the individual defendants are without merit.  See Kaniuka v. Good Shepherd Home, 2006 WL 2380387, at *10 (E.D. Pa. Aug. 15, 2006) (holding that "[i]ndividual defendants cannot violate PHRA section 955(e) when there is no corresponding section 955(a) violation by an employer to aid and abet"); Taylor v. Rodale, Inc., 2004 WL 1196145, at *4 (E.D. Pa. May 27, 2004) (dismissing the section 955(e) claim against the individual defendant because there was no basis for relief against the employer).

Matczak v. Frankford Candy & Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997) ("[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress."); McManus v. Corestates Bank, N.A., 1994 WL 50311, at *3 (E.D. Pa. Feb. 15, 1994).

Moreover, under Pennsylvania law, a claim of intentional infliction of emotional distress must be supported by competent medical evidence. See Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 80 (3d Cir. 1989); Televandos v. Vacation Charters, Ltd., 2008 WL 364801, at *1 (3d Cir. Feb. 12, 2008) ("[A] plaintiff's own testimony concerning his emotional distress is not competent medical evidence to support the claim." (citing Kazatsky v. King David Mem'l Park, Inc., 527 A.2d 988, 995 (Pa. 1987)); Jackson v. Paparo, 2002 WL 32341800, at *11 (E.D. Pa. Oct. 28, 2002) (granting summary judgment in favor of the defendant because the plaintiff failed to support his claim of intentional infliction of emotional distress with competent medical evidence). Plaintiff has not submitted any medical evidence to support her claim. Accordingly, summary judgment will be granted in Defendants' favor with respect to this claim.

## IV.    CONCLUSION

Because Plaintiff has failed to establish a triable issue of fact, Defendants' Motion for Summary Judgment will be granted as to all claims. An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **ALMA MILBY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 06-4556** |
| | : | |
| **GREATER PHILADELPHIA HEALTH** | : | |
| **ACTION, et al.** | : | |


**ORDER**

     **AND NOW**, this   3rd    day of June, 2008, upon consideration of Defendants' Motion for Summary Judgment (docket no. 25), and all responses thereto, and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**.  It is **FURTHER ORDERED** that the Clerk of Court shall mark this case **CLOSED**.


                    **BY THE COURT:**


                    **/s/ Bruce W. Kauffman_____**
                    **BRUCE W. KAUFFMAN,  J._____**

11